### OSCAR BRYAN v. THE STATE.

No. 3452.    Decided January 17, 1906.

**Theft of Cattle—Special Ownership.**

Upon trial for theft of cattle, where the count in the indictment upon which defendant was convicted charged the ownership of the alleged stolen cattle in A., and the proof showed that said cattle belonged to E., and were never reduced to possession in A. absolutely, but only conditionally upon his securing or finding them, which he never did. Held that A. was not a special owner within the contemplation of the statutes.

Appeal from the District Court of Hale. Tried below before Hon. Ira Webster.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Mathes* and *Dalton & Wilson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts: the first charging the ownership in Elliott, and the other in Allen. The count charging ownership in Allen was submitted to the jury by the charge of the court. The facts show that the animal alleged to have been stolen belonged to Elliott, who had previously bought it from appellant. After purchasing the animal it escaped from Elliott's possession, along with several others. The remainder of the herd was shipped to Kansas City. Allen accompanied this herd as the hired hand of Elliott. While in Kansas City, Elliott requested Allen to look after the cattle he had lost in Texas, and if he could recover them, either sell or ship them. Some of them were recovered by Allen, sold, and the money sent to Elliott, who lived in Oklahoma Territory. Ap-

pellant was seen in possession of the animal at his house after the cattle had been shipped to Kansas City. However, the testimony fails to show whether at the time he was seen in possession, it was before or after the authority to gather the missing cattle was placed in Allen. It is made manifest that Allen never had possession of the animals alleged to have been stolen, otherwise than by the request of Elliott, made to him to gather and sell. Some of the circumstances indicate that appellant may have sold the animal to a butcher. This was about a week or ten days after appellant had sold the animals to Elliott, which occurred on September 4th. On the 8th of September, the cattle were shipped from Canyon City to Kansas City. How long Allen remained out of Texas before returning to his home is not shown. This is a sufficient statement.

Some charges were requested by appellant, the purport of which was to instruct the jury that Allen was not the owner, and did not have the actual care, control and management of the property; and second, if the jury had a doubt on this proposition appellant should be acquitted. The authorities indicate that in order to constitute a special owner, there must be possession, actual care, control and management of the property. Such we understand to be the law under our statute. The evidence excludes the idea that the animals were ever reduced to possession, and the authority given Allen was that if he should find them, that he would take charge of and sell or ship them for the benefit of Elliott, the owner. Possession was not delivered to him absolutely, but conditional upon his securing or finding them. This he never did. Therefore, we are of opinion that Allen was not a special owner, within contemplation of the statute. Parks v. State, 14 Texas Ct. Rep., 114; Graves v. State, 42 S. W. Rep., 300; Frazier v. State, 18 Texas Crim. App., 434; Bailey v. State, 18 Texas Crim. App., 426; Thurmond v. State, 30 Texas Crim. App., 539; Alexander v. State, 9 Texas Crim. App., 48; Blackburn v. State, 44 Texas, 457; Mixon v. State, 28 Texas Crim. App., 349. The judgment is reversed and the cause remanded.

*Reversed and remanded.*