FRANK HAYS, ALIAS AMOS HAYS, v. THE STATE.

No. 6583. Decided January 11, 1922.

### Theft of Cattle—Ownership—Possession—Special Owner—Requested Charge.

Where, upon trial of theft of cattle, it appeared from the record on appeal that there appeared a variance between the allegation of ownership and possession and the proof, and that the alleged owner was never in actual possession of the alleged stolen property, yet such possession was proved to be in another, the refusal to give the requested charge on this phase of the case was reversible error. Following Frazier v. State, 18 Texas Crim. App., 442, and other cases.

Appeal from the District Court of Matagorda. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Styles, Grause & Erickson,* for appellant.—Cited: Bryan v. State, 49 Texas Crim. Rep., 196; Odell v. State, 44 id., 310; Mangum v. State, 38 id., 331; House v. State, 19 Texas Crim. App., 238, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited Fleischman v. State, 231 S. W. Rep., 397.

HAWKINS, JUDGE.—Conviction is for theft of cattle. Punishment two years in the penitentiary.

The indictment charges theft of one head of cattle from the possession of R. J. Sisk on or about October 8th, 1920. In May 1920 appellant was the owner of a cow which was not in his possession, but was under the actual care, control and management of Will Thompson, running with the latter's cattle in his pasture and adjoining premises some fourteen miles from where appellant was then living. Some time in May he sold this cow to Sisk for twenty dollars, ten dollars cash, the balance to be paid when the animal was delivered, appellant telling Sisk she was at Thompson's place. A bill of sale was executed and delivered to Sisk at this time. A few days later appellant told Sisk he had brought the cow from Thompson's place, and had her in a little pasture at Huebner's where appellant was living. Sisk was invited by appellant to go there and see the animal but declined and paid the balance of the purchase price. Sisk, believing the cow was in the Huebner pasture, asked appellant if it would be all right to leave her there a little while, and was told it would be. As a matter of fact, appellant had never moved the cow. She remained in Thompson's pos-

session until some time in October when appellant sold her to another party. Appellant went to Thompson's place without Thompson's knowledge or consent and actually made delivery of her on the second sale. Sisk, the first purchaser, never saw the animal, and never had possession of her. In the fall of 1920 he began to make inquiries, and upon discovery of the subsequent sale this prosecution was instituted.

It is insisted that the conviction cannot stand, because the proof fails to support the allegations in the indictment. A number of special charges were requested on the issue of "possession," calling the trial judge's attention to appellant's contention, all of which were refused. We quote from Frazier v. State, 18 Texas Crim. App., 442, as follows:

"  . . . as the criterion in determining how ownership should be alleged, it should first be ascertained who was in 'the exercise of actual control, care and management,' at the time the property was taken. If the actual owner, then 'the possession' was in him, and should be so alleged, though he may have agents or servants using the property at the time in subordination to his possession. But if the 'actual control, care and management, at the time of the taking is in another, then this other is the special owner in 'possession' and it is his possession which has been despoiled, and the property should be alleged to be his and taken from his 'possession' and 'without his consent,' without any mention of the actual or general owner—because the property was not 'taken' from the latter's 'possession.' What constitutes the control, care and management of property must depend upon the circumstances of the particular case, in many instances."

In support of the proposition above announced we cite, Tinney v. State, 24 Texas Crim. App., 120, 5 S. W. Rep., 832; House v. State, 19 Texas Crim. App., 227; Bryan v. State, 49 Texas Crim. Rep., 196, 91 S. W. Rep., 580; Thurmond v. State, 30 Texas Crim. App., 540, 17 S. W. Rep., 964. Appellant cites many other cases in his brief, but we deem it unnecessary to include all of them in our opinion. The State, through the Assistant Attorney General, concedes that a variance arose between the allegation and the proof, and that it was error to refuse to submit to the jury the question of possession.

The judgment of conviction must be reversed, and the cause remanded.

*Reversed and remanded.*